OPINION OF THE COURT
William J. Burke, J.
This is a motion made by the defendant wherein the defendant is requesting that his case be removed from this court to the Onondaga County Family Court.
The defendant was indicted as a juvenile offender and charged with the crime of murder in the second degree (two counts), and robbery in the first degree, and assault in the first degree as a result of an alleged murder having occurred on December 19, 1978.
The recent amendment to CPL article 725 sets forth procedures governing orders of removal of actions involving juvenile offenders to the Family Court. CPL 725.05 entitled order of removal refers to various other related sections of the CPL in order to provide the circumstances and conditions under which various cases may or may not be removed to the Family Court. CPL 180.75 (subd 4, par [b]) specifically addresses itself to the case at hand; however, a complete reading of CPL 180.75 (subd 4, pars [a], [b]) is helpful to put this issue in complete perspective as it relates to the specific charges before this court.
CPL 180.75 (subd 4, par [a]) states as follows: "4. Notwith *324 standing the provisions of subdivisions two and three of this section, (a) the court, on motion of any party or on its own motion may, and shall, at the request of the district attorney, order removal of an action, except one involving a complaint charging a juvenile offender with murder in the second degree, or an armed felony as defined in subdivision forty-one of section 1.20 of this chapter, to the family court pursuant to the provisions of article seven hundred twenty-five of this chapter, if it is determined that to do so would be in the interests of justice”. Thus where a defendant is charged with a felony other than second degree murder or an armed felony, the court may remove the action to the Family Court in the interests of justice, and shall remove such if the District Attorney requests, where the District Attorney states upon the record the reasons for his consent and the removal. Therefore, under paragraph (a) the court may or shall remove an action to the Family Court when the charge does not involve the crime of murder in the second degree or an armed felony. Therefore, in the instant case CPL 180.75 (subd 4, par [a]) provides no authority for this removal.
Thus a look at CPL 180.75 (subd 4, par [b]) as it relates to removal of actions involving murder in the second degree is in order. CPL 180.75 (subd 4, par [b]) states: "[T]he court may, with the consent of the district attorney, order removal of an action involving a complaint charging a juvenile offender with murder in the second degree, or an armed felony as defined in subdivision forty-one of section 1.20 of this chapter, to the family court pursuant to the provisions of article seven hundred twenty-five of this chapter provided, however, that a determination that such an action should be removed to the family court shall be based solely upon one or more of the following factors: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant’s participation was relatively minor although not so minor as to constitute a defense to the prosecution; or (iii) possible deficiencies in proof of the crime”.
Therefore, in addition to removals allowed under paragraph (a) of subdivision 4 a court may remove an action charging the crime of murder in the second degree to the Family Court provided, however, that the District Attorney consents on the record, stating his reason, therefore, and provided that the *325 court finds that one or more of the factors enumerated at clauses (i), (ii) and (iii) of paragraph (b) exists.
Therefore, without the District Attorney’s consent on the record and the court finding the existence of one or more of the enumerated factors as set out in CPL 180.75 (subd 4, par [b], els [i], [ii], [iii]) the action cannot be removed to the Family Court. The Legislature has obviously created stricter rules for the exercise of a court’s discretion to remove an action to the Family Court where the crime of murder in the second degree is involved.
Now, in addressing the instant motion it is clear that the District Attorney in this matter is not consenting to any removal of this action; moreover, upon the arguments of this motion and upon the several pretrial discussions had during the pendency of this matter and upon the allegations contained in the instant motion papers this court cannot state that one or more of the enumerated factors as set out earlier exist in this case.
Thus under the facts of this case, and upon the position taken by the District Attorney in this matter relative to its opposition to such removal, the defendant’s motion upon authority of CPL 180.75 (subd 4, par [b]) is denied in all respects.